## W. W. NORMAN, Respondent, v. JEROME H. SHEIP et al., Appellants.

**Springfield Court of Appeals, February 7, 1910.**

1. **PRACTICE: Pleading: Objections to Petition After Verdict.**
   Where a petition states a cause of action, even though some
   of the statements may be imperfect and defective, the defects
   are cured by verdict and an objection thereafter comes too
   late.

2. ————: ————: **Motion to Make More Definite Waived by
   Pleading Over.** Our courts have held in an unbroken line of
   decisions that a motion to make more definite and certain is
   waived by pleading over.

3. **PRACTICE: Evidence: Harmless Error.** Where the oral testi-
   mony was admitted of the essential and material clauses in a
   written contract, the error of excluding the contract itself was
   harmless.

4. ————: **Weight of Evidence: Question for Jury.** Where there
   was substantial evidence tending to prove every material alle-
   gation in the petition, the weight and credibility of the evi-
   dence was for the jury.

5. ————: **Improper Argument.** In a suit for damages for negli-
   gently burning a mill, plaintiff's counsel, in his argument to
   the jury, used as an illustration the liability of a railroad com-
   pany for fires set out by its engines. *Held,* that the objections
   to the "inapt illustration" were not well taken.

Appeal from Butler Circuit Court.—*Hon. J. C. Shep-
pard,* Judge.

AFFIRMED.

*Robert L. McLaran* and *David W. Hill* for appel-
lants.

(1)   The petition does not state a cause of ac-
tion. It is not sufficient to allege that the fire occurred,
and that the defendants' men were negligent. The
casual connection between the negligence charged and

the injury suffered must be directly alleged and proved. Rubber Co. v. Water Co., 181 Mo. 678; Rushenberg v. Railroad, 109 Mo. 112. (2) The motion to make the petition more definite and certain should have been sustained. State to use v. Blackman, 51 Mo. 319; Trust Co. v. Soderer, 171 Mo. 675; Story v. Ins. Co., 61 Mo. App. 534; Ramsey v. Under. Ass'n, 71 Mo. App. 380. (3) It was gross error to permit the plaintiff's attorney in his closing argument to tell the jury, in effect, that it was unnecessary for plaintiff to prove the negligence charged in the petition. R. S. 1899, sec. 1111; Campbell v. Railroad, 121 Mo. 340; Railroad v. Ordelheide, 172 Mo. 436; Polhaus v. Railroad, 45 Mo. App. 153; Walker v. Railroad, 68 Mo. App. 465; Fields v. Railroad, 80 Mo. App. 603. (4) Counsel are not allowed in this State to make or mend a case by traveling outside the record. Evans v. Trenton, 112 Mo. 395; Ritter v. Bank, 87 Mo. 374; McDonald v. Cash, 45 Mo. App. 79; Gibson v. Zeibig, 24 Mo. App. 67; Marble v. Walters, 19 Mo. App. 134.

*N. A. Mozley* and *James F. Green* for respondent.

(1) Our courts have held in an unbroken line of decisions that a motion to make more definite and certain is waived by pleading over. Sauter v. Leveridge, 103 Mo. 615; Shuler v. Railroad, 87 Mo. App. 622; Ewing v. Vernon County, 216 Mo. 681; Caskey v. Edwards, 128 Mo. App. 237; Nairn v. Railroad, 126 Mo. App. 707; Porter v. Railroad, 117 S. W. 680; Jones v. Traction Co., 118 S. W. 675; Thompson v. Insurance Co., 104 Mo. App. 109; Jones v. Traction Co., 118 S. W. (Mo. App.) 675; Nowell v. Mode, 132 Mo. App. 232. (2) If there is any substantial testimony tending to prove the case asserted in the petition, its probative force must be determined by the jury. Ladd v. Williams, 104 Mo. App. 390; Dahmer v. Railroad, 118 S. W. 496; Settle v. Railroad, 127 Mo. 336; Stotler v. Railroad, 200 Mo. 107. (3) And to say that the jury

did not have the right to infer that the fire which destroyed respondent's property started from this defective stove, would do violence to ordinary intelligence, and conflict with the established rule in such cases announced by courts of last resort in the State. Lead Co. v. Railroad, 123 Mo. App. 402; Seaver v. Ray, 119 S. W. 527; Jones v. Plummer, 118 S. W. 110; Pickens v. Railroad, 125 Mo. App. 669.

STATEMENT.—This was an action to recover damages from appellants for negligently burning and destroying certain buildings and machinery of the respondent in the town of Hunter on the 15th day of November, 1906. The petition is as follows (formal parts omitted):

"Plaintiff states that he is and was at all times hereinafter mentioned, the owner of a certain sawmill, together with the sheds and buildings used in connection therewith, situated in the town of Hunter, county of Stoddard, and State of Missouri, and located on the following described premises, to-wit: the southeast quarter of section 12, township 25 north, range 11 east, in this county, being the premises on which plaintiff had on the 15th day of November, 1906, the sawmill and buildings above mentioned; that the defendants, by and through one David Hollis, acting as agent, superintendent and vice-principal of defendants, was occupying, using and in charge of a certain building that was situated near and used in connection with said milling plant as aforesaid, and was occupied by said defendants for the purpose of handling and gluing certain lumber received by said defendants from this plaintiff for the purpose of preparing same to be used by said defendants in the manufacture of cigar boxes. That said defendants through the said David Hollis, as vice-principal aforesaid, while in charge of said building and on the 15th day of November, 1906, caused to be placed in said room an old, dilapidated, defective, cast-off and dangerous stove, which said stove was so care-

lessly, negligently, recklessly and unskilfully put in said building and used and managed by said David Hollis as vice-principal as aforesaid, and others as agents, servants and employees of defendants in charge thereof and under the direction of said vice-principal, that sparks and coals of fire escaped from and fell out of said old, dilapidated, castoff and defective stove and set fire to the said building of this plaintiff, so occupied and in charge of the defendants as aforesaid, and totally consumed said building, together with all the sheds and buildings owned by plaintiff and used in connection with said sawmill as aforesaid, and damaged the machinery of said sawmill to plaintiff's damage in the sum of one thousand nine hundred and fifty dollars, for which plaintiff prays judgment and his costs."

The answer of the defendants is as follows (formal parts omitted):

"Come now the defendants, Jerome H. Sheip and Asa W. Vandegrift, and for their amended answer and defense to the petition herein, filed by leave of court, aver that they, as copartners under the firm name of Sheip & Vandegrift, made and entered into an agreement in writing with the plaintiff, W. W. Norman, signed by both parties, dated April 21, 1903, wherein and whereby plaintiff undertook to manufacture, sell and deliver on cars to these defendants, certain kinds, dimensions and quantities of cigar box lumber, at prices named, during a term of five years next after the date of said contract; and they admit that said contract was in force and was being executed by both parties on November 15, 1906, the date of the fire as stated in the petition.

"These defendants aver that by paragraph six of said written agreement the plaintiff undertook and agreed to furnish these defendants, and their employees, without expense to them, suitable rooms and buildings, together with light, heat and power, to manufacture and run veneering, polishing and such other machinery

as was necessary and incidental to convert the lumber manufactured by the plaintiff into veneered cigar box lumber, and plaintiff also, by paragraph six, agreed to furnish these defendants suitable rooms and buildings for the storage of all manufactured cigar box lumber, or veneered cigar box lumber, at a cost not to exceed two hundred and fifty dollars, the buildings to remain the property of the plaintiff after the expiration of said contract. These defendants further say that in pursuance of said contract, the plaintiff furnished them with a building and a stove for the purpose of heating said building so used by defendants; that said stove, when furnished, was apparently in good order and condition, and was carefully put up and used by these defendants. That if said stove when furnished by plaintiff was old, dilapidated, castoff, defective or dangerous, as is now claimed by plaintiff, the plaintiff knew, or might by the exercise of reasonable care have known, its condition, and plaintiff was guilty of negligence directly contributing to the injury he now complains of, in furnishing such defective stove for the purpose of heating said building. These defendants aver that said stove was carefully used and tended by these defendants and their employees, and they deny that sparks or coals of fire escaped from or fell out of said stove and set fire to said building, and they deny that said fire started in the portion of the building occupied and used by these defendants, and deny that said fire was caused by any carelessness or negligence of these defendants or their employees, in the use of the stove. . . ." The answer also contained allegations as to the property being insured, but as the insurance matter seems to have been abandoned by the defendants in the trial of the case, the same will not be considered.

The stove in question was of the king-heater variety, had lost its legs and was bent with the age of many winters. Near the bottom and in direct line with

the fire was a six-inch draft opening. The cap that formerly had prevented the escape of the fire was no longer in use, but instead, a brick was set on end. Before the stove was set up in the defendant's glue room, it appears that it had been thrown among a lot of rubbish in the back yard. The fuel was inserted through a large hole in the top left for that purpose. The stove sat in a place which was from eighteen to thirty inches from the plank partition dividing the wooden shed rooms. The lumber worked upon in this glue room was of about the consistency of paper and very combustible. Large quantities of it was scattered over the floor of the glue room and it was sometimes used for fuel in the stove. On the day the mill was burned, there was a fire in the stove all day until about quitting time at six o'clock in the evening. The evidence on the part of the plaintiff went to show that soon after the mill was shut down for the day, a fire alarm was given, and those who first came to the fire discovered that the building was afire in the glue room around about the stove and up the partition wall dividing the rooms. On a trial before a jury, verdict and judgment was obtained for nineteen hundred and fifty dollars from which defendants prosecute this appeal.

NIXON, P. J. (after stating the facts).—I. It is contended by appellants that the petition does not state a cause of action; also, that it fails to state the causal connection between the negligence charged and the injury suffered.

It is sufficient to say that this assignment is not deserving of very serious consideration. The connection between the negligent manner of putting up and using the stove by the appellants and the fire resulting therefrom is directly alleged in the petition, which measures up to the standard required by the code of civil procedure. It contains a plain and concise statement of the facts which constituted plaintiff's cause of action, and that is all the law requires.

The appellants also made objection to the introduction of testimony on the ground that the petition failed to state a cause of action as the items and value of the property destroyed were not specifically alleged. Such an objection to a petition after the filing of an answer, where the party has failed to demur, has not received very favorable consideration by the appellate courts. While a failure to demur does not waive the objection that no cause of action is stated, yet an answer to a petition admits that a case has been sufficiently stated to call for an answer; and, after verdict, a petition, however defectively it may have stated a cause of action, will sustain the verdict. The objection in this case comes too late after verdict as the petition does state a cause of action and its imperfect and defective statements, if any, were cured by the verdict. [Nowell v. Mode, 132 Mo. App. 232, 111 S. W. 641.]

II.    It is further assigned as error that appellants' motion to make the petition more definite and certain should have been sustained; that when the petition refers to "sawmill" and "machinery" appellants were entitled to know, in order to prepare for trial, the specific articles upon which damage was claimed, and that the ownership, description and value of the same should have been alleged with reasonable certainty in the plaintiff's petition.

Our courts have held in an unbroken line of decisions that a motion to make more definite and certain is waived by pleading over, which was done by the defendants in this case. Whatever argument may be urged in this behalf, we are confronted with an impassable wall, rising mountain high, across which is written "No thoroughfare," and on which the Supreme Court has lately placed the copestone of Shohoney v. Quincy, O. & K. C. Ry. Co. (Nov. 27, 1909), 122 S. W. 1025. We have lent a willing ear to the persuasive argument of

the appellants' learned counsel, but we can only reply, the law is not so written in the State of Missouri.

III.   Another assignment is that the trial court erred in refusing to admit in evidence a written contract which the appellants offered as to the terms on which they rented the buildings from the respondent.

At the trial, the appellants were permitted to prove that the respondent had agreed to furnish the rooms which their employees operated and also had agreed to furnish light, heat and power to manufacture and run the veneering, polishing and other machinery necessary for the manufacture of cigar boxes.   Respondent did not deny that he made such a contract and on cross-examination admitted the making of the clauses in the excluded contract.   The essential and material part of the contract as to who furnished the stove was admitted in evidence and the appellants were allowed the greatest latitude in introducing oral evidence as to the contents of the written contract.   The exclusion of the written contract was therefore harmless error.

IV.   Complaint is also made by the appellants because their demurrer to the evidence at the conclusion of the case was refused by the court.   There was substantial evidence tending to prove every material allegation in the petition.   The weight and credibility of the evidence was for the jury alone.   Their deliberations are hedged about with constitutional guarantees and we cannot enter the vail in order to set aside the result of their deliberations.

V.   Appellants have failed to point out any error in the instructions given or to show that instructions were improperly refused.   It would be unnecessary and superfluous for us to examine in detail these instructions.   It is sufficient to say that the trial court submitted the issues to the jury fairly and liberally in be-

half of the appellants, and no reason has been shown why the law was not properly administered by the court.

VI. The final complaint of counsel for appellants is that one of the respondent's attorneys in his closing argument before the jury used this language: "Take for instance, gentlemen, the case of a railroad running through a farm. A train passes; immediately thereafter fire is discovered on the right of way. No one saw the sparks from the engine, but the fire is there; it communicates to the adjoining crop and destroys it. Would anyone say that the passing engine was not the cause of the fire, or that the railroad company under such circumstances was not liable for the damage done?"

This is called by appellants' counsel an "inapt illustration;" but to ask an appellate court to reverse a judgment on such grounds is bordering on the frivolous and we dismiss it without further consideration.

The appellants had a fair trial before a jury and the judgment was undoubtedly for the right party. There is no error in the record that is material or such as warrants a reversal of the judgment, and the same is accordingly affirmed. All concur.